59 F.3d 167
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Eugene BOCOOK, Defendant-Appellant.
 No. 94-5344.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Decided June 21, 1995.
 
 Anthony F. Anderson, Melissa W. Friedman, Roanoke, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Eugene Bocook pled guilty to willfully communicating false information and thereby endangering aircraft, 18 U.S.C.A. Sec. 32(a)(6) (West Supp.1995) (Count One), and to broadcasting obscene language, 18 U.S.C.A. Sec. 1464 (West Supp.1995) (Count Two). He was sentenced to a term of 100 months (the bottom of the guideline range) on Count One, and to a consecutive 24-month term on Count Two. Bocook appeals his sentence, contending that the district court erred in finding that his conduct involved intentionally endangering the safety of aircraft and in enhancing his sentence pursuant to guideline section 2A5.2(a)(1)[1] as a consequence. We affirm.
 
 
 2
 From August 1, 1993, until his arrest on September 22, 1993, Rodney Bocook broadcast unauthorized radio messages to aircraft and air traffic controllers in the area of Roanoke, Virginia.[2] On numerous occasions, he pretended to be an air traffic controller at the Roanoke Regional Airport, and gave instructions to pilots who were preparing to land. At other times, he instructed incoming pilots to change frequencies, or to break off their approach, told pilots they were not clear to land after they had been cleared to land by the tower, told pilots their runway was closed because of a disabled aircraft on the runway, and told landing pilots to hold short of a runway intersection. He instructed a departing plane to climb to 12,000 feet after it had been cleared to go to 10,000 feet. In this instance, Bocook repeated the instruction four times when the pilot requested clarification. Bocook also transmitted distress signals supposedly coming from aircraft, and briefly pretended to be the medevac helicopter based at Roanoke Memorial Hospital on two occasions. In addition, Bocook used obscene language, harassed a female air traffic controller, made threats to shoot down aircraft, and transmitted recorded music, weather reports, and warnings about his own activities.
 
 
 3
 Bocook was warned repeatedly to get off the frequency and was told that his transmissions were unauthorized. Bocook's conduct caused considerable aggravation and confusion for air traffic controllers and pilots because he was able to give an authentic-sounding imitation of an air traffic controller. On one occasion, a pilot began to follow his instructions. However, the real air traffic controllers were always able to correct the misinformation transmitted by Bocook.
 
 
 4
 Guideline section 2A5.2 (Interference with Flight Crew Member or Flight Attendant) is applicable to the endangering count. Subsection (a)(1) provides for a base offense level of 30 if the offense involved intentionally endangering the safety of the aircraft. Subsection (a)(2) provides a base offense level of 18 if the aircraft was recklessly endangered. The terms "intentionally" and "recklessly" are not defined. At sentencing, Bocook's attorney argued that Bocook had recklessly, but not intentionally, endangered aircraft. The district court, however, found that Bocook's actions could not be considered merely reckless, but were more like "shooting into a crowd." Thus, the court concluded that Bocook could not fail to realize the possible consequences of his conduct, and that subsection (a)(1) was correctly applied.
 
 
 5
 On appeal, Bocook maintains that subsection (a)(1) requires evidence of intent to endanger, and that there was no evidence that he intended to endanger aircraft. While there is no evidence in the materials presented on appeal to suggest that Bocook's objective was to cause a plane crash or other harm to an aircraft or passengers, we agree with the district court that he cannot reasonably claim to have been unaware of the hazard he created.
 
 
 6
 The commentary to guideline section 1B1.1 states that definitions of terms which appear in specific guidelines "are not designed for general applicability," and that their "applicability to sections other than those expressly referenced must be determined on a case by case basis." USSG Sec. 1B1.3, comment. (n. 2). "Reckless" is defined in the commentary to guideline section 2A1.4 (Involuntary Manslaughter) as "a situation where the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG Sec. 2A.14, comment. (n. 1).
 
 
 7
 The guideline applied here is infrequently used. We note, however, that an enhancement for recklessly endangering an aircraft has been applied under subsection (a)(2) to the conduct of a drunken and disruptive passenger, whose actions involved much less immediate danger to the safety of the aircraft than Bocook's conduct did. United States v. Jenny, 7 F.3d 953, 956-57 (10th Cir.1993). If we apply the definition of reckless set out in guideline section 2A1.4, see id. at 956-57, we must find that it does not adequately describe Bocook's conduct. There is no standard of care to be exercised by a reasonable person transmitting unauthorized information on the air traffic control frequency. A reasonable person would under no circumstances transmit false instructions to pilots under the pretense of being an air traffic controller because of the obvious risks involved. Consequently, the district court did not err in finding that section 2A2.5(a)(1) applied.
 
 
 8
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Bocook attempted to use stolen credit cards or card numbers to obtain an air to ground radio transmitter in 1986 and again in 1987. He was arrested on both occasions, and was placed on pretrial diversion the first time. After his second attempt, he served a year in jail. Bocook was married in 1992, and used his wife's disability payments to purchase the equipment he used to commit the current offense